UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG (CHARLOTTESVILLE) DIVISION

In Re:  MARY LOUISE PETERS           Chapter 7

       Debtor                        Case No. 05-64511

MARY LOUISE PETERS,                  Adversary Proc. No. _____

       Plaintiff,

v.

NEXTEL
Serve:  Corporate Service Company, Registered Agent
11 S. 12th Street
P.O. Box 1463
Richmond, VA  23218

and

AFNI, INC.
Serve:  Gregory J. Donovan, Registered Agent
404 Brock Drive
Bloomington, IL  61701,

       Defendants.

## COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING

### Introduction

1.    This is an action for actual damages, statutory damages, punitive damages, and legal fees and expenses filed by the Plaintiff for the Defendants' improper and illegal actions and conduct which are not in compliance with and in fact are in violation of the Fair Credit Reporting Act, (15 USC Section 1681), the Fair Credit Billing Act (15 USC Section 1666), the Fair Debt Collection Practices Act (15 USC Section 1692), and the Discharge Injunction (11 USC Section 524).

### Jurisdiction

2.    Jurisdiction is conferred on this Court pursuant to Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11.

1

3. Jurisdiction is also conferred on this Court pursuant to Section 1681p of Title 15 of the United States Code, Section 1692k(d) of Title 15 of the United States Code; Section 1640 of Title 15 of the United States Code; and Section 1331 of Title 28 of the United States Code.

4. Venue lies in this District pursuant to Sections 1391(b) and 1409 of Title 28 of the United States Code.

5. To the extent of the non-bankruptcy claims for relief, this matter is a non-core proceeding and the Plaintiff consents to the entry of a final order in this case by the Bankruptcy Judge.

### Parties

6. The Plaintiff is a natural person residing in the City of Charlottesville, Virginia, and was also a debtor under the provisions of Chapter 7 of Title 11 of the United States Code.

7. The Plaintiff is a "consumer" and "debtor" as those terms are defined under the applicable Federal statutes.

8. The Defendant, Nextel (hereinafter "Nextel"), is a Kansas corporation, which maintains its principal place of business at 67500 Spring Parkway, HL-5A STX, Overland Park, KS 66251.

9. The Defendant, AFNI, INC. (hereinafter "AFNI"), is an Illinois corporation, which maintains its principal place of business at 404 Brock Drive, Bloomington, IL 61701.

### Facts

10. Before the commencement of the Chapter 7 case, the Plaintiff incurred a debt to Nextel.

11. In October, 2005, the balance of the account was approximately $250.00.

12. The Plaintiff's Chapter 7 case was commenced by the filing of a voluntary petition on October 14, 2005.

13. On Schedule F of Plaintiff's Chapter 7 bankruptcy petition, a debt in the amount of $200.00 was listed as owed to Nextel.

14. On or about October 14, 2005, this Court caused a written notice of the filing of the Chapter 7 case, the automatic stay, the 341 Meeting of Creditors and Debtors, and representation by an attorney, to be mailed to the Defendants via first class mail, postage prepaid, and upon information and belief, such notice was in fact received by AFNI and Nextel.

15. The 341(a) meeting of creditors was held in Charlottesville, Virginia, on December 12, 2005.

16.     The Plaintiff's Chapter 7 plan was determined to be a no asset case and was discharged on February 13, 2006.

17.     The Plaintiff alleges upon information and belief that during the pendency of her Chapter 7 case numerous documents were served on and received by the Defendants and their successors including but not limited to the first meeting notice and the Discharge Order.

18.     From November, 2005 to February, 2006, the Plaintiff continued to get billed for this account, with the final balance shown as approximately $1,100.00.

19.     In February, 2006, the Plaintiff called Nextel and gave Nextel the name, address and phone number of her bankruptcy attorney.

20.     In April, 2006, the Plaintiff again called Nextel and gave Nextel the name, address and telephone number of her bankruptcy attorney.

21.     In July, 2006, the Plaintiff received a telephone call from a collection agency for Nextel and gave them the name, address and telephone number of her bankruptcy attorney.

22.     In September, 2006, the Plaintiff received another telephone call from a collection agency for Nextel and gave them the name, address and telephone number of her bankruptcy attorney.

23.     In December, 2006, the Plaintiff received another telephone call from a collection agency for Nextel and gave them the name, address and telephone number of her bankruptcy attorney.

24.     In March, 2007, the Plaintiff found a debt owed to Nextel on her credit report. The Plaintiff called AFNI. AFNI referred her Nextel. The Plaintiff called Nextel. She was told by a representative of Nextel "it's an error, we'll call the collection agency."

25.     On March 15, 2007, Plaintiff called AFNI. A representative of AFNI told her that it was taken off her credit report and that her credit report would reflect the change by "thirty days."

26.     In July, 2007, the Plaintiff ran her credit report. The charge was still reflected on her credit report. She called AFNI. A representative of AFNI told the Plaintiff that Nextel stated the account was opened after 10/05. The Plaintiff told AFNI she would send the pertinent information regarding her bankruptcy attorney to them.

27.     On June 18, 2007, the Plaintiff contacted AFNI to get a contact number for Nextel. She was told by a representative of AFNI named Amanda that they "did not have that info" and that they "closed the account." When the Plaintiff asked why they closed the account without the paperwork, Amanda replied "oh, we just did". The Plaintiff told Amanda she would send the paperwork anyway just to be safe and Amanda replied "there's no need to send anything."

28.     The Defendants have continued to report a debt owed to Nextel on the subject account as an "ACCT SUBMITTED TO COLLECTION" on the Plaintiff's public credit files as indicated on

consumer credit report secured by Wells Fargo on behalf of the Plaintiff. This report states that the discharged debt to the Defendants has a current past due balance of $909.00; that the debt was originated in January, 2007; and that this information was reported to a consumer credit reporting agency in February, 2007, more than one (1) year after the debt had been discharged in this case. The consumer credit report also reflects that the Plaintiff has made "N/A" payments on this debt. A copy of the credit report is attached hereto and incorporated herein by reference as "Exhibit A".

29.     The Plaintiff, who has been unable to secure new credit due to this erroneous negative credit history, eventually took this matter up with her Chapter 7 attorney, Marshall M. Slayton.

30.     Section 350(b) of the Bankruptcy Code provides that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." As a result of the conduct of the Defendants, as alleged in this complaint, the Plaintiff filed a motion to reopen her Chapter 7 case and this motion was granted without objection on March 11, 2008.

31.     The Plaintiff avers that at all times relevant to the allegations herein:

    A.     The Defendants have substantially frustrated the discharge order entered in this case and their conduct constitutes gross violations of the discharge injunction as provided by Section 524 of Title 11 of the United States Code and further have caused the Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code;

    B.     The Defendants knew and in fact had actual knowledge that the Plaintiff was previously involved in a bankruptcy and was therefore protected from any direct or indirect collection acts whatsoever by virtue of the Discharge Injunction provided by Section 524 of Title 11 of the United States Code and notwithstanding such knowledge willfully failed to withdraw their erroneous credit information within the statutory time allowed by the Fair Credit Reporting Act (15 USC 1681s);

    C.     The Defendants at all times relevant to the allegations in this complaint knew that the Plaintiff was represented by an attorney in connection with her bankruptcy filing and that the underlying debt owed by the Plaintiff was in fact a "consumer debt" as that term is defined by applicable Federal and State statutes;

    D.     The Defendants intentionally failed to correct the erroneous credit information in an effort to indirectly collect a discharged debt from the Plaintiff in direct violation of the specific provisions of Section 1681s of Title 15 of the United States Code, commonly known as the Fair Credit Reporting Act, and in violation of Section 1692 of Title 15 of the United States Code, commonly known as the Fair Debt Collections Practices Act;

32.     The Plaintiff alleges that the violations of the non-bankruptcy laws justify and enhance the necessity for the award of substantial and significant punitive damages in this case.

33.     The Plaintiff is informed and believes and therefore alleges that as a result of these allegations she is entitled to the recovery of actual damages, including emotional distress, punitive damages, statutory damages, legal fees and expenses.

34.     The Plaintiff alleges that she has engaged in meetings with her attorney about this matter.

35.     The Plaintiff is informed and believes and therefore alleges that the Defendants had an affirmative duty under *Nelson v Chase Manhattan Mortgage Corp., 282 F.3d 1057 (9th Cir. 2002)* to conduct a proper reinvestigation and to correct all erroneous consumer credit information after receiving notice of the order of discharge entered on February 13, 2006. The Plaintiff alleges that the Defendants willfully, intentionally and without any just cause failed to comply with this duty. The Plaintiff alleges that the receipt of the order of discharge constituted the receipt of a dispute with regard to the completeness and accuracy of the pre-bankruptcy information in their consumer credit reports as provided for by Section 1681i(a)(2) of Title 15 of the United States Code.

36.     The Plaintiff also alleges that the Defendants failed to cause the consumer credit reports of the Plaintiff to be amended so as to list all debts discharged in bankruptcy has having a "0" credit balance. The Plaintiff alleges that the Official Staff Commentary to Section 607 of the Fair Credit Reporting Act provides as follows: "A consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

## FIRST CLAIM – FAIR CREDIT REPORTING ACT

37.     The allegations in paragraphs 1 through 36 of this complaint are realleged and incorporated herein by this reference.

38.     The Plaintiff avers that as a result of the unlawful actions of the Defendants as alleged herein she has been required to devote countless and unnecessary hours to seek to correct the erroneous information on her consumer credit report. The Plaintiff further alleges that upon receipt of the Discharge Order in this case the Defendants were under a statutory duty to correct, update previously reported information determined to be incomplete or inaccurate, and to report as disputed any information known to be disputed by the Plaintiff. The Plaintiff further alleges that the receipt of the Discharge Order in this case constituted notice pursuant to Section 1681i(a)(2) of Title 15 of the United States Code (the Fair Credit Reporting Act) that all debts previously reported as owed were no longer accurate and should be thereafter reported as having a "0" balance.

39.     The Plaintiff also avers that she has constantly worried about this situation and has feared that the Defendants had some improper motive for the improper credit reporting.

40.     The Plaintiff alleges that as a result of the willful and intentional violations of this statute she is entitled to the recovery of actual damages, statutory damages, costs and legal fees.

## SECOND CLAIM – FAIR DEBT COLLECTION PRACTICES ACT

41. The allegations in paragraphs 1 through 40 of this complaint are realleged and incorporated herein by this reference.

42. The actions and conduct of AFNI in this case constitute unfair and deceptive acts and practices in violation of the provisions of Fair Debt Collection Practices Act. The Plaintiff specifically alleges that the unfair acts and practice of AFNI arose out of their willful failure to amend, modify and correct the erroneous reporting of credit information months after entry of the Order of Discharge and out of their breach of the affirmative duty to report a zero balance owed on the Plaintiff's account.

43. The Plaintiff alleges that the actions of AFNI was intentional and designed to coerce the Plaintiff into paying a debt that had been discharged in bankruptcy in order to "clear" the negative information from her credit history.

44. As a result of the unfair acts and deceptive practices of the Defendants, the Plaintiff is entitled to the recovery of actual damages, statutory damages, legal fees and expenses.

## THIRD CLAIM – DISCHARGE INJUNCTION

45. The allegations in paragraphs 1 through 44 of this complaint are realleged and incorporated herein by this reference.

46. The Plaintiff alleges that the conduct of the Defendants in this case has substantially frustrated the discharge order entered in this case and has caused the Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

47. The Plaintiff also alleges that in order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the Defendants pursuant to the provisions of Section 105 of the Code.

48. The Plaintiff further alleges that in order to protect the Debtor who has secured a discharge, this Court must impose sanctions against the Defendants for their misconduct in this case.

## FOURTH CLAIM – FAIR CREDIT BILLING ACT

49. The allegations in paragraphs 1 through 48 of this complaint are realleged and incorporated herein by this reference.

50. The Plaintiff alleges that as a result of the allegations herein the Defendants have failed to comply with the applicable provisions of the Fair Credit Billing Act.

51. The Plaintiff believes and therefore alleges that the Defendants have failed to institute any reasonable investigation about the disputed information on the consumer credit report of the Plaintiff and have improperly and unlawfully failed to correct such erroneous information.

6

      52.    As a result, the Plaintiff avers that she is entitled to the recovery of actual damages, punitive damages and legal fees.

      **WHEREFORE,** the Plaintiff having set forth her claims for relief against the Defendants respectfully prays of the Court as follows:

A.    That the Plaintiff has and recovers against the Defendants a sum in excess of $5,000.00 in the form of actual damages;

B.    That the Plaintiff has and recovers against the Defendants a sum in excess of $5,000.00 in the form of statutory damages;

C.    That the Plaintiff has and recovers against the Defendants a sum in excess of $5,000.00 in the form of punitive damages;

D.    That the Plaintiff has and recovers against the Defendants all reasonable legal fees and expenses incurred by their attorney;

E.    That the Plaintiff has such other and further relief as the Court may deem just and proper.

Dated: March 20, 2008.

/s/ Marshall M. Slayton
MARSHALL M. SLAYTON, VSB # 37362
BOYLE, BAIN, REBACK & SLAYTON
420 Park Street
Charlottesville, VA 22902
Phone: (434) 979-7900
Counsel for Debtor/Plaintiff

K:\Home\Marshall\Client Files\Peters, Mary\
Adversary Proceeding\Complaint.doc

7

**EXHIBIT A**
**(page 1 of 2)**

```
--------------------------------------------------------------------------
REF:1-04813-31607-0000  06/18/2007      TID:1-04813-31607 06/18/2007 07:46:09
Rels Credit - Instant Merge Credit Report       Acct: 3403304
Prepared for: WELLS FARGO BANK NA               Notes: AU035569
Requested: EFX, XPN, TUC - I            Delivered: EFX, XPN, TUC
--------------------------------------------------------------------------
App: PETERS, MARY L                                     Ssn: 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
Curr Addr: 156 BRANDYWINE COURT, CHARLOTTESVILLE, VA 22901
--------------------------------------------------------------------------
                        WELLS FARGO SUMMARY
                        -------------------
ACCOUNT DISTRIBUTION                    CURRENT STATUS(tradelines)
Account Type     Count      Balance     Payments Curr Clsd Unrt 30  60  90+
   Real Estate     0           $0          $0    -    -    -    -   -   -
   Installment     3       $12,746        $299   1    2    -    -   -   -
   Revolving       8        $7,797        $207   3    4    -    -   -   1
   Other           2          $909          $0   -    -    -    -   -   2
   Total          13       $21,452        $506   4    6    -    -   -   3

INQUIRIES                PUBLIC RECORDS   HISTORICAL DELINQUENCIES(count)
  3 Month Total     6       EFX      1     Account Type  LastDlq 30  60  90+
  Elim. same day    2       XPN      1      Real Estate            -   -   -
  Adjusted Total    4       TUC      1      Installment            -   -   1
  New Trades(6 mon) 1       Last 2yrs Y     Revolving     10/06   14   8   6
                                            Other                  -   -   2
  Oldest Trd: 02/92       On File: 09/84    Total                 14   8   9
--------------------------------------------------------------------------
Only Applicant/Co-applicant information included in the Summary.
                        BUREAU SCORE INFORMATION
                        ------------------------
EFX BEACON 5.0              (APP)=  599 Factor: 00038, 00018, 00013, 00010
   00038 SERIOUS DELINQUENCY, AND DEROGATORY PUBLIC RECORD OR COLLECTION FILED
   00018 NUMBER OF ACCOUNTS WITH DELINQUENCY
   00013 TIME SINCE DELINQUENCY IS TOO RECENT OR UNKNOWN
   00010 PROPORTION OF BALANCES TO CREDIT LIMITS IS TOO HIGH ON BANK REVOLVING
         OR OTHER REVOLVING ACCOUNTS
   * Number of Inquiries Adversely Affected the Score
XPN FICO-II                 (APP)=  604 Factor:    38,    18,    10,    02
   38 SERIOUS DELINQUENCY AND PUBLIC RECORD OR COLLECTION FILED
   18 NUMBER OF ACCOUNTS WITH DELINQUENCY
   10 PROPORTION OF BALANCE TO HIGH CREDIT ON BANK REVOLVING OR ALL REVOLVING
      ACCOUNTS
   02 LEVEL OF DELINQUENCY ON ACCOUNTS
   * Number of Inquiries Adversely Affected the Score
TUC FICO Classic 98         (APP)=  538 Factor:   038,   020,   013,   010
   038 SERIOUS DELINQUENCY, AND PUBLIC RECORD OR COLLECTION FILED
   020 LENGTH OF TIME SINCE DEROGATORY PUBLIC RECORD OR COLLECTION IS TOO SHORT
   013 TIME SINCE DELINQUENCY IS TOO RECENT OR UNKNOWN
   010 PROPORTION OF BALANCES TO CREDIT LIMITS IS TOO HIGH ON BANK REVOLVING OR
       OTHER REVOLVING ACCOUNTS
                        --- Page 1 of 1 ---
```

**EXHIBIT A**
**(page 2 of 2)**

```
------------------------------------------------------------------------
REF:1-04813-31607-0000 06/18/2007      TID:1-04813-31607 06/18/2007 07:46:09
Rels Credit - Instant Merge Credit Report        Acct: 3403304
Prepared for: WELLS FARGO BANK NA                Notes: AU035569
Requested: EFX, XPN, TUC - I                     Delivered: EFX, XPN, TUC
------------------------------------------------------------------------
App: PETERS, MARY L                              Ssn: 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
Curr Addr: 156 BRANDYWINE COURT, CHARLOTTESVILLE, VA 22901
------------------------------------------------------------------------
                    ****** DEROGATORY ITEMS ******
Account Name/Number (Sources)                       Past due      Last
    Open      High     Payment    Balance MOP  Status  Rptd  30 60 90+ MR Dlq
------------------------------------------------------------------------
Accounts under Applicant:
-------------------------
  1. HFC - USA/30-1313 (EFX-155FP22776*,XPN*,TUC*)
   I 10-05      7391       176       6904 C-1 CURRENT  06-07 03 01 00  21 10-06
     Hist: 06-07 111111113211121121111      PYMT  03-07 APP
     Ctgy: LINE OF CREDIT                   Term: REV    Lmt: 7000
     Lates: 1x60:10-06 ; 3x30:9-06,5-06,2-06
     LINE OF CREDIT
 ②AFNI/101665 (TUC-Y096ER007*)
   I 01-07       909     N/A          909 Y-9 COLL/P&L 02-07  -  -  -  -
     Hist: 02-07 9                          LACT 02-07 APP
     Ctgy: COLLECTION                       Term: REV
     CN: 10 NEXTEL COMMUNICATIONS
     ACCT SUBMITTED TO COLLECTION COLL 02-07
  3. CAPITAL 1 BK/53075819 (EFX-850BB01498*,XPN*,TUC*)
   I 06-01       572       0         -0-  R-9 COLL/P&L 01-05 02 01 04  43 08-02
     Hist: 01-05 9-------------9-----9--9   LACT 04-03 APP
     Ctgy: CREDIT CARD                      Term: REV
     Lates: ADDT'L LATES PRIOR TO 1-03
     ACCT SUBMITTED TO COLLECTION COLL 01-05
     CREDITOR SETTLED FOR LESS THAN AMOUNT DUE
     CREDIT CARD
     CHARGE OFF CHRG $526 CHRG 09-02
  4. CREDIT CONTROL CORP/201025 (XPN-YC2981569*,TUC*)
   I 01-01       133     N/A         -0-  Y-9 COLL/P&L 09-01  -  -  -  11
     Hist: 09-01 9----9----9                LACT 09-01 APP
     Ctgy: COLLECTION AGENCY/ATTORNEY       Term: REV
     CN: ADELPHIA CABLE
     ACCT SUBMITTED TO COLLECTION COLL 11-00
     PAID
     CHARGE OFF; PAID CHRG 09-01 PAID 09-01
     ACCT SUBMITTED TO COLLECTION; PAID COLL 11-00
                         --- Page 1 of 5 ---
```